UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST E. NASH, <br>     Plaintiff, <br> v. <br> R. LEWIS, et al., <br>     Defendants. | Case No. 19-cv-03759-JST <br><br> **ORDER OF DISIMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** <br><br> Re: ECF Nos. 1, 6 |

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

The complaint makes the following allegations.

On December 22, 2018, while Plaintiff was on the Correctional Training Facility ("CTF")-FDP Facility D Exercise Yard, he was informed that there was a personal dispute between inmates Morris and Rubio and that there was about to be a fight on the yard. Plaintiff ran over to the altercation in order to assure that no other inmates would join in the fight. Plaintiff was a witness, but not a participant, to the altercation. Plaintiff did not strike either combatant. Correctional officers Hernandez and Alvarez ran to the location of the fight and yelled "Get down," while simultaneously throwing explosive devices at the combatants. All participants, including Plaintiff, began to get down. Plaintiff was already in a prone position when he was struck in the face and eyes with dirt. Then Plaintiff heard a rifle shot, followed by Sergeant Hernandez yelling, "What the fuck?" as he frantically turned towards Tower 13 and waved to signal to Defendant Officer Lewis that he should not shoot another round from his rifle. Later that day, Officers Hernandez and Alvarez filed incident reports that Plaintiff was in the same area as the combatants and that the fight was a one-on-one fight, and Defendant Lewis filed an incident report, justifying his firing a shot directed at Plaintiff's head while Plaintiff was prone on the floor by reporting that inmate

2

1    Morris was on the ground covered by other inmates who were kicking and punching him.

2    Subsequent to the fight, Plaintiff was re-housed in Salinas Valley State Prison ("SVSP")'s
3    Administrative Segregation Unit.

4    On January 2, 2019, Plaintiff was issued a rules violation report ("RVR") charging him
5    with attempted murder. The RVR was issued by Defendant Officer Ramirez, who had no
6    involvement in the fight.

7    On April 1, 2019, Plaintiff submitted a Form 22 Request for Services to Defendant Officer
8    Selby, requesting a revocation or postponement of his RVR. On April 30, 2019, Plaintiff
9    submitted a second Form 22 to Defendant Selby, requesting that his RVR be adjudicated because
10   he had a parole hearing set for May 3, 2019.

11   On June 13, 2019, Plaintiff sent a letter to Defendant Associate Warden K. Green via
12   institutional mail complaining that his requests to Defendant Selby had been ignored and that he
13   was past due for parole due to a false charge of attempted murder.

14   As of the date of the complaint was filed, Plaintiff had not received any response from
15   either Defendant Selby or Defendant Green.[1]

### C. Legal Claims

Plaintiff alleges that Defendants' actions violated his "rights to equal protection against racial discrimination and unjustified segregation past [his] release date." ECF No. 1 ("Compl.") at 5. Plaintiff also alleges that Defendants violated his rights to procedural due process when they denied his repeated requests to adjudicate the "bogus rules violation report charging him with attempted murder in an attempt to justify the unnecessary use of deadly force in violation of Title 15 Rules and Regulations or process Plaintiff's repeated request for filing emergency administrative grievances." *Id.*

#### 1. Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

---

[1] Plaintiff does not specify where the defendants are located. The Court presumes that Defendant Lewis works at CTF, and that the remaining defendants are located at SVSP.

direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "Prisoners are protected under the Equal Protection Clause from invidious discrimination based on race." *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (internal quotation and alteration omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Id.* "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir.1994) (emphasis in original).

Plaintiff's conclusory allegation that Defendants' actions violated his "rights to equal protection against racial discrimination and unjustified segregation past [his] release date" fails to state a cognizable equal protection claim. Liberally construed, the complaint alleges that Defendant Lewis used excessive force on him when he fired a shot directed at Plaintiff's head on December 22, 2018; that Defendant Lewis filed an incident report that falsely reported the relevant events in order to cover up his use of excessive force; that Defendant Ramirez authored an RVR falsely accusing Plaintiff of attempted murder with respect to the events on December 22, 2018, even though Defendant Ramirez had no involvement in the relevant events; that Defendant Selby failed to respond to Plaintiff's two Form 22s requesting that his RVR be revoked, postponed, or adjudicated; and that Defendant Warden failed to respond to Plaintiff's letter informing him that Defendant Selby had not responded to his Form 22s and that he was being held past his parole date due to a false charge of attempted murder. These actions do not describe treatment motivated by race or treatment different from other similarly situated inmates. Because it appears that this deficiency could be cured, the Court will grant Plaintiff leave to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

### 2. Procedural Due Process Claims

The procedural protections required in a prison disciplinary proceeding, i.e. an RVR hearing, are written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for prison disciplinary actions must have some indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Accordingly, Plaintiff's allegation that his rights to procedural due process were violated when Defendants denied his repeated requests to promptly adjudicate the allegedly false RVR fails to state a cognizable due process claim.

Plaintiff's claim that Defendants failed to process his repeated requests for filing emergency administrative grievances also fails to state a cognizable due process claim. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. Cal. Dep't of Corr. and Rehab.*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [. . .] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub*

*nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances.").

Plaintiff's due process claims are DISMISSED with prejudice because amendment would be futile.

### D. Motion to Appoint Counsel

Plaintiff has requested that the Court appoint counsel because he is likely to be released in the near future, he has very limited comprehension of the law, he has very limited formal education, his original complaint was prepared by another inmate, the legal issues are complicated, and he is housed in administrative segregation with limited access to the law library. ECF Nos. 6 and 9. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). In civil cases, courts have the authority pursuant to 28 U.S.C. § 1915(e)(1) to appoint pro bono counsel for litigants who cannot afford counsel. Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Exceptional circumstances requiring the appointment of counsel are not currently evident. At this early stage of the case, the Court cannot easily evaluate the likelihood of Plaintiff's success on the merits. The request for appointment of counsel is DENIED without prejudice to the Court *sua sponte* appointing counsel if it determines at a later point in the proceedings that appointment of counsel is in order.

### CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff's due process claims are DISMISSED with prejudice. Plaintiff's equal protection claim is DISMISSED with leave to amend. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-03759 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint remaining the operative complaint, and this action proceeding solely on the claims found cognizable above. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

2. Plaintiff's request for appointment of counsel is DENIED. ECF No. 6.

This order terminates ECF No. 6.

**IT IS SO ORDERED.**

Dated: August 14, 2019

JON S. TIGAR
United States District Judge